UNION METALLIC CARTRIDGE Co. *v.* UNITED STATES CARTRIDGE Co.

(*Circuit Court, D. Massachusetts.* July 2, 1881.)

1. DAMAGES—PROFITS ACCRUING BETWEEN INTERLOCUTORY AND FINAL DECREE.
Motion to recommit cause to master for statement of profits, to date of final decree, on machines enjoined subsequent to interlocutory decree, denied.

In Equity.

*Browne, Holmes & Browne* and *Wetmore, Jenner & Thompson,* for complainant.

*B. F. Butler,* for defendants.

LOWELL, C. J. After a final decree has been ordered, and after an appeal has been claimed, the complainants move to recommit the case to the master for a further statement of profits, to bring the account down to the time of the final injunction and decree. The master's account is made up to April 23, 1877, and there are reasons of some validity for the omission of the complainants to move in the matter sooner. Some of the machines which the defendant has been using since April, 1877, being those concerning which the account is asked, were excepted by Judge Shepley from the operation of the interlocutory injunction, and are now enjoined by me upon evidence produced since the first decree was made. As a matter of convenience and economy it is often desirable to have the account taken as late as possible, to save further litigation. In this case there are many litigated questions upon which the supreme court must decide, and in my opinion the preponderance of convenience is against opening the case at this time, if I have power to open it, because such a course would, in all probability, postpone the appeal for a year, and there has already been more than enough delay.

The decree may be so drawn as to show that the decree is for profits to April 23, 1877, and that it is to be without prejudice to any claim for profits and damages for later infringement, though I suppose that would be the necessary intendment.

Petition to recommit denied.